UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
|     Plaintiff, ) | |
| and ) | |
| ) | |
| MOHAMED S. ELMOUGY, ) | |
|     Intervener, ) | |
| v. ) | No. 3:04-CV-1778-BF (K) |
| ) | |
| OMNI HOTELS MANAGEMENT ) | |
| CORPORATION, OMNI HOTELS ) | |
| CORPORATION, AND OMNI ) | |
| HOTELS OF TEXAS, INC., ) | |
|     Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This is a consent case before the United States Magistrate Judge. Before the Court for consideration is the Motion for Summary Judgment of Defendants' Omni Hotels Management Corporation, Omni Hotels Corporation, and Omni Hotels of Texas, Inc, filed September 29, 2006. Plaintiff filed a response on October 19, 2006.

## BACKGROUND

Plaintiff, Equal Employment Opportunity Commission ("EEOC"), brings this case on behalf of Mohamed Elmougy ("Elmougy"), the Charging Party and intervener in this case. Defendants are Omni Hotels Management Corporation, Omni Hotels Corporation, and Omni Hotels of Texas Inc. (referred to collectively as "Omni" or "Defendant"). Elmougy was the former General Manager of Defendant's Omni Mandalay Hotel in Las Colinas, Texas.

Plaintiff alleges that Elmougy was terminated by Defendant based on his national origin and his religion. Plaintiff also alleges that Elmougy was subjected to retaliatory treatment because he opposed what he reasonably believed to be discrimination by Defendant against

minority employees. These claims are substantiated by two specific events.

The discrimination claim based on religion and national origin revolves around the events after September 11, 2001.  Plaintiff contends that Defendant objected to Elmougy's role as the President of the Dallas- Forth Worth chapter of the Council on American-Islamic Relations ("CAIR"). (P's Br. at 13).  Plaintiff claims that Owner and Chairman of Omni, Bob Rowling, had discussions with CEO Jim Caldwell regarding media appearances by Elmougy. (P's Br. at 13). Plaintiff alleges numerous incidents in which Omni personnel made remarks about Elmougy's beliefs. (P's Br. at 13-15).

The retaliation claim stems from an incident in which Plaintiff claims Jim Caldwell asked him to "recast" the minority staff at Trevi's Restaurant. (P's Br. at 11).  Plaintiff contends that Elmougy was upset about the request and did not want to follow it. (P's Br. at 11).  Elmougy contends that he believed that Caldwell's concerns about the accents of the wait staff were a form of discrimination. (P's Br. at 12).  Plaintiff claims that Elmougy was retaliated against by Omni for his actions.  Plaintiff brought a Title VII case on behalf of Elmougy based on these allegations.

## PREREQUISITES TO A TITLE VII ACTION

Title VII makes it unlawful for an employer to discriminate against any individual "with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." *See* 42 U.S.C. § 2000e-2(a)(1).  In his EEOC charge, Elmougy claimed that he had been retaliated against because of his "Muslim related activities."  After an investigation into the charge, the EEOC found that there was reasonable cause to believe he had been discriminated against not only on this claim, but also in

his opposition to Omni's treatment of minority employees. (P's Ex. 12 at 258-59).

As a preliminary matter, Defendant contends that Elmougy has not exhausted his administrative remedies, except with respect to the claim of discrimination based on national origin and religion.  Elmougy claims that the additional charges alleged in his complaint are the type that are reasonably encompassed in an EEOC investigation.  (P's Br. at 34).

A Title VII action is limited in scope to the EEOC investigation that can reasonably be expected to grow out of the charge of discrimination.  *Young v. City of Houston, Tex*., 906 F.2d 177, 179 (5th Cir. 1990) (citing *Sanchez v. Standard Brands, Inc*., 431 F.2d 455, 466 (5th Cir. 1970).  Elmougy's additional claim of retaliation, while not specifically addressed in the initial EEOC charge, is of the type that is reasonably encompassed within its investigation.  The EEOC investigated Elmougy's initial charge, and found that there was reasonable cause to believe that he had, in fact, been retaliated against not only because of his opposition related to Muslims, but also in retaliation to his opposition of the Trevi's wait staff. (P's Ex 12 at 258-59).  Accordingly, Defendant's motion for summary judgment for failure to exhaust administrative remedies with respect to the claims regarding the retaliation is denied.  The Court will consider all of Plaintiff's allegations.

## STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).  Only disputes about material facts will preclude the court's granting summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  The burden is on the movant to prove that no genuine issue of

3

material fact exists. *Latimer v. Smithkline & French Lab.,* 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating the non-movant's case. Rather, the movant may satisfy his burden by pointing to the absence of evidence to support the non-movant's case. *Little,* 37 F.3d at 1075. Once the movant meets his burden, the non-movant must show that summary judgment is not appropriate. *Little,* 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)). "[A properly supported summary judgment motion] requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. *See* FED. R. CIV. P. 56(e). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' ... by 'conclusory allegations,' ... by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr,* 200 F.3d 291, 302 (5th Cir. 2000); *Anderson,* 477 U.S. at 248.

## ANALYSIS

**1.     Is Defendant entitled to summary judgment on Plaintiff's retaliation claim?**

To establish a prima facie case of retaliation, Plaintiff must show: "(1) that Elmougy engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action."

*Long v. Eastfield College,* 88 F. 3d 300, 304 (5th Cir. 1996). "Protected activity" is defined as opposition to any practice rendered unlawful by Title VII. *See* 42 U.S.C. § 2000e-3 (a) (2001). In order for the plaintiff to withstand summary judgment, he must offer evidence from which the jury may infer that retaliation, in whole or in part, motivated the adverse employment action. *Roberson v. Alltell Information Services*, 373 F. 3d 647, 655 (5th Cir. 2004).

Plaintiff alleges that Elmougy opposed an unlawful employment practice when he objected to Defendant's request to replace or transfer Hispanic and Moroccan wait staff. Defendant contends that no such request was made, and that Elmougy made unreasonable assumptions about his conversations with Mr. Caldwell.

The opposition clause of § 2000e-3(a) requires the employee to demonstrate that he had at least a "reasonable belief" that the practices he opposed were unlawful. *Payne v. McLemore's Wholesale and Retail Stores*, 654 F. 2d 1130, 1140 (5th Cir. 1981). The employee's actions must be based on a reasonable, good faith belief, that the practice violated Title VII. *Clark County School District v. Breeden*, 532 U.S. 268 (2001). Based on the record, disputed facts with respect to this issue require that summary judgment be denied.

Defendant states that Plaintiff has failed to show that he engaged in protected activity. Defendant argues that Elmougy did not oppose any practice that was suggested to him by Mr. Caldwell that is prohibited by Title VII. Defendant asserts that the alleged protected activity is too vague to be considered such. Plaintiff contends that Elmougy had a reasonable belief that Omni was participating in employment practices that were unlawful. Based on these beliefs, Elmougy objected to the proposal presented to him by Mr. Caldwell. Plaintiff claims that he was then subjected to increased monitoring of his sales numbers, which resulted directly in

Elmougy's authority in the sales department being taken away. The Court finds that there are disputed facts with respect to whether Elmougy engaged in protected activity. Therefore, summary judgment on the issue is denied.

Defendant next contends that Elmougy did not suffer a materially adverse employment action. Defendant asserts that Plaintiff's only claims for adverse actions are Corporate sales scrutiny, not receiving an invitation to two events, and experiencing different behavior by corporate representatives. Plaintiff's main assertion that Elmougy was subjected to an adverse employment action is that he was subjected to an involuntary job transfer to Washington D.C. Plaintiff claims that this was a demotion, based at least partly on Elmougy's disagreement over how to handle the minority wait staff.

Defendant further states that no causal nexus exists between the alleged protected activity and any materially adverse employment action. Defendant claims that Elmougy has no tenable evidence of a causal link between his conversation with Caldwell and any retaliatory conduct on the part of Omni. Plaintiff claims that the March 2001 conversation established a precedent that he was willing to speak out against discrimination. Plaintiff contends that this conversation, coupled with the conversations he had after September 11, 2001 create a sufficient nexus to the adverse employment action taken against him in December.

Plaintiff cites *Shirley v. Chrysler First Inc.*, 970 F. 2d 39, 43 (5th Cir. 1992) which held that a passage of fourteen months between the protected activity and the alleged retaliatory conduct is not "legally conclusive proof against retaliation." Defendant cites *Lowen v. Deloitte & Touche*, F. Supp. 2d, 1999 WL102807 (N.D. Tex. 1999) in which the Court granted summary judgment where retaliation occurred twelve months after protected activity had occurred.

The Court agrees with Plaintiff that facts remain in dispute with respect to Elmougy's claim of retaliation, and that genuine issues of material fact preclude summary judgment on the retaliation claim.

### 2. Is Defendant entitled to summary judgment on Plaintiff's national origin and religious discrimination claims?

A plaintiff may prove a claim of discrimination through either direct or circumstantial evidence. Absent direct evidence of discriminatory intent, proof by means of circumstantial evidence is evaluated by the framework of *McDonnell Douglas Corp v. Green*, 411 U.S. 792 (1973). To create a presumption of discrimination, the plaintiff must first establish a prima facie case of discrimination. The burden of production then shifts to the defendant to present admissible evidence that the adverse employment action was for a legitimate, non discriminatory reason. The burden then shift back to the plaintiff to show that the legitimate non discriminatory reason offered by the defendant is a pretext.

For Plaintiff's national origin and religious discrimination claims, Plaintiff must establish that (1) Elmougy is a member of a protected class; (2) was qualified for his position; (3) was subject to an adverse employment action; and (4) was replaced by someone outside of the protected class, or in the case of disparate treatment, must show that other similarly situated employees were treated more favorably. *Okoye v. University of Texas Houston Health Sci.Ctr.*, 245 F. 3d 507, 512 (5th Cir. 2001).

Defendant contends that Elmougy was never subjected to an adverse employment action. Defendant claims that the transfer of Elmougy to Washington D.C. was not a constructive discharge or any kind of adverse action. Plaintiff claims that the transfer was a demotion, because at the Washington D.C. property he would not be the highest manager on the premises.

7

Plaintiff also claims that Todd Scatozzi, the Vice President of Operations, knew that Elmougy's father was ill and that it would be very difficult for Elmougy to transfer. Plaintiff also contends that the only other option presented to Elmougy was a severance package.

Defendant further states that even if Plaintiff could make a prima facie case, he could not show that Omni's legitimate non discriminatory reasons were a pretext for discrimination. Defendant asserts that the actual reason for Elmougy's dismissal was poor job performance and declined earnings at the hotel. Plaintiff presents evidence that the complaints on which Defendant bases its reasons for the dismissal were from employees with questionable agendas. Plaintiff produces other evidence of potential factors in the decline of earnings at the hotel as well. Based on a review of the record, the Court finds that Defendant has failed to prove that no genuine issue of material fact exists with respect to the claims of national origin and religious discrimination.

### 3. Are Omni Hotels Corporation and Omni Hotels of Texas, Inc. entitled to summary judgment because they were not Plaintiff's employer?

A corporation can not be liable under Title VII unless it qualifies as an employer under the statute. *Deal v. State Farm Country Mut. Ins. Co. of Texas*, 5 F. 3d 117,188 (5th Cir. 1993). The defendant must not only meet the statutory requirements, but the Court must also determine if an employment relationship exists between the plaintiff and defendant. *Deal, 5 F. 3d at 117.* In the present case, Defendant asserts that Omni Hotels of Texas Inc. is not a viable legal entity, and therefore can not be an employer. Defendant also states that Omni Hotels Corporation, has no employees and therefore should not be considered an employer under the *Trevino* test.[1]

---

[1] The Trevino four part test considers; (1) the interrelation of operations; (2) centralized control of labor relations; (3) common management; and (4) common ownership or financial control.

*Trevino v. Celanese Corp.*, 701 F 2d. 397,404 (5th Cir. 1983).  Defendant argues that the entities are not so interrelated to be considered a single employer of Elmougy.

Plaintiff contends that all three entities have common high level management officials. Plaintiff suggests that the decision to dismiss Elmougy was a joint one shared by the top officials at Omni Hotels Corporation and Omni Hotels Management Corporation.  Even the President of Omni Hotels Management, Michael Dietemeyer, described the entities as "a very complex roll up of multiple corporations". (P's Br. at 46)

The Court finds that there are disputed facts regarding the liability of all three entities. Summary judgment in favor of Omni Hotels Corporation, and Omni Hotels of Texas Inc., is not warranted at this stage of litigation.

## RECOMMENDATION

Genuine issues of material fact exist with respect to the retaliation claim, the discrimination by national origin or religion claim, as well as the claim that all three named Defendants are liable.  Defendant failed to meet its burden to show that summary judgment is warranted.  Accordingly, Defendant's motion for Summary Judgment is **DENIED**.

It is SO ORDERED, October 30, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE